Alden E. BLOOD, Hugh J. Hagemeyer, Jr., and Eastman Kodak Company, Plaintiffs,

v.

Edward J. BRENNER, Commissioner of Patents, Defendant.

Civ. A. No. 2281–65.

United States District Court District of Columbia.

Nov. 29, 1966.

Roberts B. Larson, and Walter C. Gillis, Jr., Washington, D. C., for plaintiffs.

Joseph Schimmel, Solicitor, Jack E. Armore, Washington, D. C., of counsel, for defendant.

## MEMORANDUM OPINION

McGUIRE, District Judge.

This is an action brought under the Patent Laws of the United States, particularly under the provisions of Title 35 U.S.C. § 145.

The application, entitled "Process for the Preparation of 2, 2-Dimethylalkanoic Acid Esters", was filed in the Patent Office on October 12, 1961 and bears the Serial No. 144,634. It relates to a new series of aliphatic acid esters and to a process for their preparation. The application contained claims which the plaintiffs contend are patentable and that a patent should issue. They are numbered 2 to 12 inclusive. Claims 11 and 12 were withdrawn at the trial.

Claim 2 is typical:

"A process for the production of 2, 2-dimethylalkanoic acid esters selected from the group consisting of

$$R\text{-}O\text{-}C \overset{\overset{O}{\|}}{\underset{}{}} \overset{\overset{CH_3}{|}}{\underset{\underset{CH_3}{|}}{C}} \text{---} (CH_2CH_2)_n H \quad \text{and} \quad R\text{-}O\text{-}C \overset{\overset{O}{\|}}{\underset{}{}} \overset{\overset{CH_3}{|}}{\underset{\underset{CH_3}{|}}{C}} \text{---} (C_3H_6)_n H$$

wherein R is selected from the group consisting of alkyl, cycloalkyl, aralkyl and aryl radicals, and n is an integer from 1 to 16, which comprises contacting an isobutyric acid ester of the formula, $ROOCCH(CH_3)_2$, with a 1-olefin selected from the group consisting of ethylene and propylene in the presence of a free radical initiating catalyst at a pressure from about 400 to 3,000 p.s.i.g. and a temperature from about 50 to 400° C."

The basic features of the process appear to be:

(1) An isobutyric acid .ester—to the exclusion of anything else—as the reactant with an olefin such as ethylene or propylene.

(2) The use of a free radical initiating catalyst—preferably an organic peroxide catalyst.

(3) The use of low pressures in a range of 400 to 3,000 p.s.i.g. and preferably from 500 to 2,000 p.s.i.g.

(4) The use of temperatures from 50° C. to 400° C.

(5) The obtaining as a consequence of a valuable liquid ester product which it is claimed is obtained only when the specific isobutyric acid ester referred

to above is employed under the stated conditions of pressure and temperature and only with a specific catalyst, and which is a precursive product stable to heat to a great degree and to water in the presence of heat, thus being presumably able to be used for the preparation of synthetic lubricants and plasticizers, with alcohol being the most useful of the compounds derived.

It is further contended that with the particular conditions advanced by the plaintiffs: catalysts, specific temperatures and specific pressures, the isobutyric esters result in this valuable liquid product (not a solid wax), and that all others tested produced only faint evidence of long-chain waxy polymeric products.

The essential and only issue before the Court is whether the result so obtained could have been obvious to one of ordinary skill in the art.

The Patent Office rejected the claims on the references cited:

Howk et al., No. 2,409,683, October 22, 1946

Hanford et al., No. 2,402,137, June 18, 1946

Ralston, "Fatty Acids and Their Derivatives", J. Willey and Sons, Inc., New York, 1948, pp. 458, 721 to 723, 725 to 727, and 880,

stating that Howk et al. discloses the particular telegen and the use of low pressure, and further concluding:

"It would be obvious to a skilled artisan that the chain length and molecular weight of the product would vary with the temperatures and pressures * * * *"

thus rejecting Claims 2–10 (the telomerization claims). It was concluded also that Claims 11 and 12 were unpatentable over Howk et al. in view of Ralston.

▆▆▆ The Court agrees with this conclusion, perceiving no reason for disagreeing. At the trial two publications, namely, "Polyethylene" by Raff and Allison, pp. 39–43, and "Textbook of Polymer Chemistry" by Billmeyer, pp. 328–330, were also introduced, as was also a patent to Banes, et al., No. 2,585,723, February 12, 1952,[1] which adds cogency to the conclusion reached.

Judgment will be rendered on the merits in favor of the defendant, and the cause is dismissed. The findings of fact submitted by the defendant the Court specifically adopts and ratifies.

---

1. Plaintiff objected to the admission of this patent on trial. It was properly admitted as proceedings under 35 U.S.C. § 145 are trial *de novo*. See generally, California Research Corp. et al. v. Ladd, 123 U.S.App.D.C. 60, 356 F.2d 813 (1966).